IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EVARISTUS MACKEY, :
:
    Petitioner :
: CIVIL NO. 3:CV-10-2326
v. :
: (Judge Caputo)
ERIC HOLDER, et al., :
:
    Respondents :

**M E M O R A N D U M**

**I.**    **Introduction**

Petitioner, Evaristus Mackey, a federal prisoner confined at the Lewisburg United States Penitentiary (USP-Lewisburg), Lewisburg, Pennsylvania, commenced this *pro se* action with a 217-page petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1, Pet.) While Mr. Mackey filed his petition with this Court, it is clearly addressed to the Louisiana federal judge and prosecutor involved with his instant conviction. In this petition, Mr. Mackey seems to be complaining to the Louisiana federal court could not lawfully charge, arrest or convict him. While this much can be discerned from Mr. Mackey's pleading, much of the remainder of this 217 page document cannot be not readily understood. For example, Evaristus Mackey's petition recites, in part, that:

> A common-law writ of certiorari facias, writ of privilege and writ of habeas corpus cum causa (ad faciendum et recipiendum) are the due process right to change the venue nunc pro tunc, ex nessitate legis, where the real party in interest, Louisiana (foreign state) upon the relation of President Evaristus Mackey© causa sine qua non, quod hoc, by proecendendo adjudication upon the court's initiative, FRAP Rule 2, issues and serves this

> exigent writ of right due to a provable probable cause
> well established in foreign law by the Interpreter, chief
> Justice Evaristus Mackey© at prior times with continued
> sinful silence by joint tort feasors, non-registered,
> non-bonded foreign agents United States federal
> corporation employees under conflicts in law.

(Doc. 1, Pet. at CM/ECF p. 6)[1]

The Court's review of the petition leaves us convinced that this matter is not appropriately brought as a habeas petition before this court under 28 U.S.C. § 2241 at this time. Therefore, this petition is denied, and the petitioner be instructed to bring such claims as he may have, either on direct appeal, or by bringing them to the attention of the sentencing judge by following the procedures prescribed by law under 28 U.S.C. § 2255.

## II. Discussion

### A. This Petition Must Be Dismissed Since It Does Not Meet the Prerequisites for Habeas Relief Under 28 U.S.C. § 2241.

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in lieu of either a direct appeal of his conviction or a motion to correct sentence under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition is appropriate since, to extent that the petitioner wishes to further challenge his conviction and sentence, it is clear that he must do so through a motion brought before the sentencing court under 28 U.S.C. § 2255, and not through a habeas petition under § 2241. Indeed, it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). *See also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).

Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas

writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined"). Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). It is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)). In sum, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack; see Davis v. United States, 417 U.S. 333, 343 (1974), and federal inmates who wish to challenge the lawfulness of their sentences must typically file motions under § 2255.

This general rule admits only one, narrowly-tailored, exception. A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or

ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in *Dorsainvil*, supra, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In *Dorsainvil*, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *Dorsainvil*, 119 F.3d at 251.

This petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Instead, the petitioner seeks habeas relief simply because he was displeased by the fact of his conviction. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and therefore this request must be rejected by this Court. *Manna v. Schultz*, 591 F.3d 664 (3d Cir. 2010).

An appropriate Order follows.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Date: January 31, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EVARISTUS MACKEY,

    Petitioner

v.

ERIC HOLDER, et al.,

    Respondents

CIVIL NO. 3:CV-10-2326

(Judge Caputo)

O R D E R

NOW, this 31st day of **JANUARY, 2011,** upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (doc. 1) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court is directed to **CLOSE** this case.

A. RICHARD CAPUTO
United States District Judge